**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

---

DANIEL KORDASH,

                              Plaintiff,

    v.

UNITED STATES CUSTOMS AND BORDER PATROL OFFICER GONZALES,

                              Defendant.

Case No.

**COMPLAINT**

---

      Plaintiff Daniel Kordash, by and through his attorneys, Robinson Brog Leinwand Greene Genovese & Gluck P.C., alleges the following upon personal knowledge:

### I.    NATURE OF THE ACTION

      1.    This action is brought by Plaintiff Daniel Kordash ("Plaintiff" or "Mr. Kordash") against Officer Gonzales ("Agent Gonzales") of the United States Customs and Border Control ("CBP") for violations of Mr. Kordash's constitutionally-protected rights under color of federal law.

      2.    Agent Gonzales has repeatedly and without justification stopped, interrogated and otherwise harassed Plaintiff and associates of Plaintiff's at the Fort Lauderdale-Hollywood International Airport and, upon information and belief, solicited fellow CBP Agents, who likewise acted without justification, to stop, interrogate and otherwise harass Plaintiff and associates of Plaintiff's at the Miami International Airport over a period in excess of one year.

      3.    As alleged below, Agent Gonzales used and continues to use authority CBP vested in him to violate Mr. Kordash's Fourth Amendment right to be free from unreasonable searches and seizures, First Amendment right to freedom of association and Fifth Amendment right to travel.

4.      As a result of Agent Gonzales' actions, Mr. Kordash's relationships have been sabotaged, his reputation tarnished, his rights to conduct business, travel and associate compromised, and he has endured emotional distress.

## II.    JURISDICTION AND VENUE

5.      This is a civil action brought pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 402 U.S. 388 (1971).  As such, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 2201 (declaratory judgment).

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of Florida.  Plaintiff alleges that Defendant committed violations of his constitutionally-protected rights under color of federal law at Fort Lauderdale-Hollywood International Airport and Miami International Airport, the former of which is less than 10 miles from this Courthouse.

## PARTIES

**A.     Plaintiff**

7.      Plaintiff Daniel Kordash is a citizen of the State of Florida and currently resides in Sunny Isles Beach, Florida.

**B.     Defendant**

8.       Upon information and belief, Defendant Agent Gonzales is a citizen of the State of Florida and resides in Florida.

## SUBSTANTIVE ALLEGATIONS

**A.     Background - September 23, 2017 Incident**

9.      On September 23, 2017, Agent Gonzales stopped Plaintiff at the Fort Lauderdale-Hollywood International Airport en route to Cartagena, Colombia for birthday festivities.  Agent

2

Gonzales and other CBP Officers handcuffed Plaintiff and chained his arm under his leg and to a steel bench in a freezing cold room.  Plaintiff was detained in the room for hours.

10. Agent Gonzales and other CBP Officers seized certain funds from Plaintiff.  After investigation and consultation, Plaintiff executed a settle and hold harmless agreement ("Agreement") with CBP.  Pursuant to the Agreement, CBP returned to Plaintiff his funds after a $2,500.00 penalty was assessed.

11. Notwithstanding the Agreement, Agent Gonzales has engaged in a course of conduct towards Plaintiff that violates his constitutional rights.

**B.    February 21, 2018 Incident**

12. On February 21, 2018, at approximately 3:45p.m., Agent Gonzales and other CBP Officers again stopped Plaintiff while Plaintiff was returning from Cancun, Mexico.  Agent Gonzales unjustifiably detained Plaintiff without a good faith basis.

13. Agent Gonzales forced Plaintiff to undergo a secondary security screening without cause, and which included a more vigorous search of his personal belongings and relentless interrogation.

14. Plaintiff was carrying significantly less than $10,000.00 in cash which he had withdrawn from Wells Fargo.  He provided Agent Gonzales with a bank receipt evidencing the withdrawal.  Given the amount, Plaintiff was not required to declare any currency with CBP.

15. Nonetheless, Agent Gonzales searched Plaintiff's belongings and then engaged in a pattern of harassment and threats which lasted for hours.

16. Agent Gonzales refused and otherwise failed to provide any justification for the search and detention, instead mocking and threatening Plaintiff and telling him he had no rights.

17. During the course of his wrongful actions, Agent Gonzales threatened to confiscate Plaintiff's cell phone unless Plaintiff permitted him to search it.  Plaintiff refused to consent to the

search of his phone. Agent Gonzales in response forcibly seized Plaintiff's cell phone and exited the room for an extended time. Upon his return, Agent Gonzales mocked and threatened Plaintiff about the previous September 23, 2017 incident and warned Plaintiff that he would be subjected to additional scrutiny and invasive searches during all future travel because he had "bad credit" with CBP.

18. Agent Gonzales detained Plaintiff for approximately six hours on February 21, 2018.

**C.     October 18, 2018 Incident**

19. On October 18, 2018, Ms. Sara Benedikte Kjol Nilsen ("Ms. Nilsen"), a citizen of Norway, was traveling from a wedding reception in Colombia to visit Plaintiff.

20. Upon her arrival at Fort Lauderdale-Hollywood International Airport, Agent Gonzales and other CBP officers, without cause or justification, detained Ms. Nilsen upon learning that she was there to visit Plaintiff and commenced what developed into a prolonged, disturbing and unlawful detention and interrogation about, and attack on, Plaintiff and Plaintiff's character, integrity and lifestyle.

21. At approximately 7:40 p.m., two hours after her arrival at the airport, Ms. Nilsen sent Plaintiff an alarming text message, detailing her intensive interrogation by CBP. Shortly thereafter, Plaintiff received a phone call from a CBP Officer, acting with Agent Gonzales, instructing him to "come in in person and verify" his relationship with Ms. Nilsen. Despite concerns because of his prior treatment by Agent Gonzales, Plaintiff drove to the airport.

22. While driving to the airport, a CBP Officer, acting with Agent Gonzales, again called Plaintiff and commenced an inappropriate interrogation, including inquiries about the purpose of Ms. Nilsen's trip and alleging that Ms. Nilsen was a prostitute in the United States to "solicit sex" at Plaintiff's instigation.

23. Plaintiff accurately denied that Ms. Nilsen and he were involved in sex trafficking or prostitution, and confirmed what Ms. Nilsen had told CBP agents, that that she was in Florida on vacation and to visit Plaintiff.

24. As a result of the threatening and accusatory communications, and fearing that Agent Gonzales either personally or other CBP agents at his direction again would unlawfully detain him at the airport, Plaintiff decided not to go into the airport and instead requested his personal assistant to pick up Ms. Nilsen. Plaintiff informed the CBP Officer that his personal assistant would be picking up Ms. Nilsen.

25. When the personal assistant arrived at the airport, CBP advised him that he could not pick up Ms. Nilsen, that Customs was a "closed off area," that the detention of Ms. Nilsen would continue, and otherwise denied and refused to provide any information about Ms. Nilsen's detention or why she was being detained.

26. Plaintiff did not hear from Ms. Nilsen again for over twenty four hours, during which time Agent Gonzales and other CBP officers, upon information and belief acting pursuant to Agent Gonzales' instigation and request, continued to detain and interrogate Ms. Nilsen. Agent Gonzales and the other CBP Agents had no basis to detain Ms. Nilsen and did so solely because of her relationship with Plaintiff. The near sole focus of the interrogation was Plaintiff.

27. On October 19, 2018, Plaintiff received several text messages from Ms. Nilsen, including texts stating that Agent Gonzales accused Plaintiff of having links to criminal enterprises, engaging in sexual misconduct with women, having a criminal record that included prior arrests, paying women for companionship, sex trafficking, engaging in money laundering and other false and vile allegations (including accusing Plaintiff of being a pimp). Ms. Nilsen also

said that Agent Gonzalez advised that Plaintiff was "under investigation" and that Agent Gonzalez "said he knew you" and "want[] to put you in jail."

28. Ms. Nilsen, who had traveled to Miami two months before the incident with no difficulties with CBP, further informed Plaintiff that Agent Gonzales refused to permit her to call her attorney, interrogated her for hours and confiscated her phone. Ms. Nilsen described the ordeal as a "nightmare" and something she had "never experienced in my life." Ms. Nilsen traveled to Miami two months before the incident and experienced no difficulties with CBP.

29. Officer Gonzales' conduct sabotaged Plaintiff's association and relationship with Ms. Nilsen.

**D.     November 13, 2018 Incident**

30. On November 13, 2018, Plaintiff returned to Miami International Airport from a trip to Moscow. Upon Plaintiff's return, CBP Officers without explanation instructed him to "stand against the wall, because you're going to secondary." One CBP Officer said Plaintiff was designated for "a hard secondary screening."

31. Plaintiff was forced to sit in a room for approximately one hour while observing about 30 other individuals also selected for a secondary screening arrive and leave. Plaintiff then asked a CBP Officer for an explanation of the delay and was told "you just have a difficult case."

32. Subsequently, a CBP Supervisor escorted Plaintiff to his private office for more interrogation. The CBP Supervisor asked about Plaintiff's prior incidents with CBP. Plaintiff referenced the September 23, 2017 incident. The CBP Supervisor conceded that Plaintiff had a "bullseye on your head" – upon information and belief referring to Agent Gonzales' obvious disdain for Plaintiff -- and warned him that he would *always* be subjected to indiscriminate additional screening while traveling. The CBP Supervisor then denied Plaintiff's request to speak with his attorney and threatened Plaintiff with even more prolonged detention.

6

33. The CBP Supervisor continued to badger Plaintiff with relentless questioning, including personal questions about Ms. Nilsen, and demanded Plaintiff to provide access to his social media accounts.

34. Upon information and belief, the CBP Officers responsible for this November 13, 2018 incident spoke with Agent Gonzales in advance of and during the detention and interrogation.

35. Plaintiff was detained for approximately 3 hours on November 13, 2018.

## FIRST CLAIM FOR RELIEF
### (4th Amendment Violation - Unreasonable Search and Seizure)

36. Plaintiff repeats and realleges the allegations contained in each of the foregoing Paragraphs as if fully set forth herein.

37. The Fourth Amendment to the U.S. Constitution provides in pertinent part that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.…"

38. The U.S. Customs and Border Control Inspector's Field Manual ("CBP Field Manual") provides that a CBP Officer must have subjective suspicion in order to conduct a search of an individual attempting to enter the United States from abroad.

39. The Field Manual clarifies that CBP Officers conducting a search at the border based on mere suspicion of a prospective entrant to the United States is permissible under the Fourth Amendment only so long as the search is routine.

40. Agent Gonzales was prohibited from conducting a non-routine search of Plaintiff's belongings or engaging in a non-routine detention and interrogation of Plaintiff at an airport in the absence of a reasonable suspicion of wrongdoing.

41.     Agent Gonzales had no subjective or reasonable suspicion that Plaintiff had committed or was engaged in any wrongdoing during the February 21, 2018 Incident and the November 13, 2018 Incident described above or at any other time.

42.     Agent Gonzales' prolonged interrogation and extended detention of Plaintiff and seizure of Plaintiff's property were not routine or based upon any *bona fide* reasonable suspicion. Agent Gonzales selectively targeted and continues to target Plaintiff based on malice, ill will and otherwise impermissible motives.

43.     As a result of Agent Gonzales' prolonged interrogation and extended detention of Mr. Kordash and Agent Gonzales' suspicion-free seizure of Plaintiff's property during the February 21, 2018 Incident and the November 13, 2018 Incident, Agent Gonzales violated Mr. Kordash's Fourth Amendment right to be free from unreasonable searches and seizures under color of federal authority.

## SECOND CLAIM FOR RELIEF
### (1st Amendment Violation - Freedom of Association)

44.     Plaintiff repeats and realleges the allegations contained in each of the foregoing Paragraphs as if fully set forth herein.

45.     The First Amendment to the Constitution protects Plaintiff's right to freedom of association and prevents federal agents from infringing upon that right.

46.     Agent Gonzales disseminated false and vile allegations about Plaintiff to Ms. Nilsen and other third parties.

47.     Based upon Agent Gonzales' false, vile and unjustifiable communications about Plaintiff to Ms. Nilsen, Ms. Nilsen has shunned Plaintiff.

48.     Agent Gonzales' actions have destroyed Mr. Kordash's relationship with Ms. Nilsen.

49. The dissemination of details regarding Agent Gonzales' actions and comments about Plaintiff to third parties has caused others to shun Plaintiff, prevented Plaintiff from pursuing business opportunities and networking with professional and personal colleagues, attending social events and otherwise interfered with his right freely to associate with others.

50. As a result of Agent Gonzales' false and vile allegations against Mr. Kordash, Plaintiff's First Amendment right to freedom of association has been violated under color of Agent Gonzales' federal authority.

### THIRD CLAIM FOR RELIEF
### (5th Amendment Violation - Right to Travel)

51. Plaintiff repeats and realleges the allegations contained in each of the foregoing Paragraphs as if fully set forth herein.

52. Plaintiff's right to travel freely, including to international locations, is an aspect of the liberty that federal agents, including Agent Gonzales, cannot compromise without due process of law under the Fifth Amendment.

53. The February 21, 2018 Incident and the November 13, 2018 Incident encroached on Plaintiff's right to travel without due process of law.

54. The incidents alleged above collectively discourage Plaintiff from traveling in the future, and thus encroach without due process upon Plaintiff's right to travel.

55. Due to Agent Gonzales' unlawful, arbitrary and capricious targeting, enhanced interrogation and prolonged detention of Plaintiff during the above referenced incidents, Plaintiff cannot travel freely to or from the United States and Agent Gonzales' actions deter and continue to prevent Plaintiff from traveling freely to or from the United States. Agent Gonzales' conduct has caused Mr. Kordash lost business opportunities abroad and otherwise compromised and deprived him of professional and personal activities and associations.

56. Agent Gonzales has deprived, and continues to deprive, Plaintiff of constitutionally-protected legal process.

57. Agent Gonzales has threatened and forewarned Plaintiff that he could expect continued harassment every time he travels aboard.

58. As such, Agent Gonzales has violated Plaintiff's Fifth Amendment right to travel, under color of federal authority, without due process of law.

## FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment)

59. Plaintiff repeats and realleges the allegations contained in each of the foregoing Paragraphs as if fully set forth herein.

60. 28 U.S.C. § 2201(a) provides in pertinent part that in "a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

61. There is an actual and justiciable controversy between Plaintiff and Agent Gonzales with respect to the issue of whether Agent Gonzales violated Plaintiff's rights guaranteed by the First, Fourth and Fifth Amendments to the Constitution under color of federal authority.

62. Without a declaration that Plaintiff's constitutional rights have been violated, Agent Gonzales is free to execute his threat of continued targeting of and otherwise unlawful conduct against Plaintiff.

63. By reason of the foregoing, Plaintiff requests an Order declaring that Agent Gonzales' acts, as described herein, violated Plaintiff's rights guaranteed by the First, Fourth and Fifth Amendments of the Constitution under color of federal authority.

**WHEREFORE**, Plaintiff prays for relief and judgment as follows:

A. On the First Claim, damages in an amount to be determined at trial;

B. On the Second Claim, damages in an amount to be determined at trial;

C. On the Third Claim, damages in an amount to be determined at trial;

D. On the Fourth Claim, declaring, after a trial on the merits, that the Defendant's acts as described herein constitute violations of the Constitutional rights of Plaintiff under the First, Fourth and/or Fifth Amendments to the Constitution of the United States of America and that Plaintiff was in fact thereby deprived of such Constitutional rights; and

E. Such other equitable, injunctive or other relief as deemed appropriate by the Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: New York, New York
December 14, 2018

ROBINSON BRONG LEINWAND GREEN
GENOVESE & GLUCK P.C.


By /S/Peter R. Ginsberg
    Peter R. Ginsberg

ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.
875 THIRD AVENUE, 9TH FLOOR
NEW YORK, NY 10022-0123
TELEPHONE:  (212) 603-6300
FACSIMILE:  (212) 956-2164
Attorneys for Plaintiff Daniel Kordash

**STEVEN FENDER, P.A.**

*/s/ G. Steven Fender*
G. STEVEN FENDER, ESQ.
Florida Bar No. 060992
Attorney for Plaintiff Daniel Kordash
P.O. Box 1545
Ft. Lauderdale, FL 33302
Telephone: (407) 810-2458
Email: steven.fender@fender-law.com

12